IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN LAWRENCE OUELLETTE,

    Plaintiff,

    v.                                               CASE NO. 20-3224-SAC

KANSAS BUREAU OF INVESTIGATON,
et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is a pretrial detainee held at the McPherson County Jail in McPherson, Kansas. On October 5, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until October 30, 2020, in which to show good cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that he is being held on a charge for failure to register. *See State v. Ouellette*, Case No. 20-CR-96 (McPherson County District Court). Plaintiff argues that his registration obligations have expired and he should no longer be required to register. Plaintiff alleges that the Kansas Bureau of Investigation has required him to register improperly since 2007 and he is currently falsely incarcerated due to their negligence. Plaintiff names the Kansas Bureau of Investigation ("KBI") and the McPherson County Sheriff's Office as defendants. Plaintiff seeks compensatory damages and seeks to have his 2008 convictions for failure to register removed from his criminal record.

The Court found in the MOSC that the Court may be prohibited from hearing Plaintiff's

1

claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck*, 512 U.S. 477.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff names the KBI as a defendant.  The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Plaintiff has not named an individual defendant and names the McPherson County Sheriff's Office as the only defendant in addition to the KBI.  To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force"

behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department.

The Court's MOSC provided that "[f]ailure to respond by the Court's deadline may result in dismissal of this case without further notice for failure to state a claim." Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 2, 2020, in Topeka, Kansas.**

>s/ Sam A. Crow
>**Sam A. Crow**
>**U.S. Senior District Judge**